BLD-127                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2997
_____

DAVID MUNOZ,
                                        Appellant

v.

WORLD FLAVORS, INC.; ON SITE PERSONNEL, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-02350)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2020
Before:  AMBRO, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant David Munoz appeals from the District Court's order granting summary judgment to the defendants in his employment discrimination lawsuit. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In October 2015, Munoz was hired by On Site Personnel, LLC ("On Site"), a temporary employment agency. In November 2015, he was assigned to work as a temporary employee at World Flavors, Inc. He worked at World Flavors for twelve days before he was fired on November 20, 2015. Rather than reassign Munoz to another work site, On Site Personnel also fired him.

On the morning of November 20, Munoz had an argument with a coworker about a table that he wanted to use for his work. Munoz reported the argument to his supervisor, Anthony Ross, who instructed Munoz to use a different table. Ross later reported to his supervisor, Russell Perry, that Munoz was being argumentative, refused to follow instructions, and refused to work. Around 10:30 a.m., Perry fired Munoz and two other temporary employees who were involved in the argument. Perry documented the circumstances of the firing in a contemporaneous memo.

Although Munoz does not dispute that he was dismissed at 10:30 a.m. on November 20, he maintains that he was fired because he reported sexual harassment to World Flavors' Human Resources Department in the afternoon of November 20. Munoz

2

testified that Perry harassed him by, among other things, brushing Munoz's shoulder, flirting with Munoz, telling Munoz that he was attractive, and asking to see Munoz's tattoos.

In May 2017, Munoz filed a complaint against World Flavors and On Site in the District Court, raising claims of sex discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). The defendants filed various cross-claims and moved for summary judgment. The District Court granted summary judgment in favor of the defendants on Munoz's claims and dismissed the defendants' outstanding cross-claims. This appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See id. at 422–23; Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may summarily affirm "on any basis

3

supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

### III.

The District Court properly entered summary judgment against Munoz on his discrimination and retaliation claims, according to the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999) (explaining that the framework generally applies to claims under Title VII and the PHRA). Under that framework, Munoz had the initial burden of establishing a prima facie case of discrimination or retaliation. See McDonnell Douglas, 411 U.S. at 802. If he succeeded, the burden then would shift to the defendants to articulate a legitimate non-discriminatory or non-retaliatory reason for taking an adverse employment action against him. See id.; Moore v. City of Philadelphia, 461 F.3d 331, 342 (3d Cir. 2006) (discussing retaliation claims). Munoz would then have an opportunity to prove by a preponderance of the evidence that the legitimate reason offered by the defendants for the adverse action was a pretext. See Jones, 198 F.3d at 410; Moore, 461 F.3d at 342.

Here, at the very least, and assuming without deciding that Munoz established a prima facie case of discrimination and retaliation, we agree with the District Court that the defendants pointed to legitimate, non-discriminatory and non-retaliatory reasons for

4

firing Munoz — his arguing with a coworker and his refusal to follow his supervisor's instructions. See Ross v. Gilhuly, 755 F.3d 185, 193 (3d Cir. 2014) (holding that "[e]ven assuming, *arguendo*, that [plaintiff] established a prima facie case," his "demonstrably poor job performance" was a "legitimate, non-discriminatory reason" for his termination). Munoz failed to adduce evidence from which a reasonable factfinder could conclude "that the employer's proffered reasons were merely a pretext for discrimination," Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam), or that there were "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions from which a reasonable juror could conclude that the Defendants' explanation is unworthy of credence, and hence infer that the employer did not act for the asserted" non-retaliatory reason, Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 262 (3d Cir. 2017) (quotation marks and citations omitted). We agree with the District Court's analysis of this issue, including its discussion of the circumstances surrounding Munoz's firing. There is no genuine dispute that Munoz's poor performance was the documented reason for his firing and that he was fired before he reported the harassment by Perry. And, while Munoz testified about isolated incidents of harassment that are highly offensive, no reasonable juror could find that they establish pretext under the circumstances here. Thus, the defendants were entitled to summary judgment on the discrimination and retaliation claims under Title VII and the PHRA.

5

The defendants were also entitled to summary judgment on Munoz's claim of a hostile work environment. To prevail on such a claim, "a plaintiff must show that 1) the employee suffered intentional discrimination . . . 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability [meaning the employer is responsible]." Castleberry v. STI Grp., 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks and citation omitted). Again, the isolated harassment here, while highly offensive, is insufficient for a reasonable juror to find that Munoz suffered discrimination that was severe or pervasive. Cf. id. at 265. Thus, the defendants were entitled to summary judgment on the hostile work environment claims.

Accordingly, we will affirm the judgment of the District Court. Munoz's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).